## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH

| | |
|---|---|
| CYNTHIA SHUGART, | ) |
|                     *Plaintiff,* | ) |
| v. | ) Case No. 5:19-cv-00137 (TBR) |
| TOWN & COUNTRY GROCERS OF FREDERICKTOWN, MISSOURI, INC, | ) |
|                     *Defendant.* | ) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Cynthia Shugart's Motions in Limine (Mot. in Lim), Dkt. 41. Defendant Town & Country Grocers has not responded, and the time to do so has elapsed. For the reasons that follow, Plaintiff's Mot. in Lim., Dkt. 41, is **GRANTED IN PART AND DENIED IN PART**.

**I.  FACTUAL BACKGROUND**

Shugart was walking out of a Town & Country store on July 4, 2018. *See* Compl., Dkt. 1-1, ¶ 3. That's when, according to the Complaint, Shugart fell and was injured because of the negligence of Town & Country. *See id.* Shugart alleges that Town & Country was negligent in failing to maintain the premises in a safe condition and failing to use signage to warn customers of potential dangers. *See id.* ¶¶ 4–5.

Shugart now brings numerous motions in limine before the Court.

**II.  DISCUSSION**

    A.  *Collateral Benefits*

Plaintiff seeks to exclude any reference that Plaintiff has received or will receive benefits of any collateral source. *See* Mot. in Lim. at 1. Though disfavored, collateral benefits can

1

sometimes be admissible. *See Tindle v. Hunter Marine Transp., Inc.*, No. 5:14-CV-00110-TBR-LLK, 2016 WL 2983710, at *2 (W.D. Ky. May 20, 2016) (explaining that admission of collateral benefits usually invites error, but not when plaintiff's testimony opens the door through affirmative testimony on direct examination). The motion is **GRANTED** at this time. If a party wishes to introduce collateral source evidence, he/she must first approach the bench.

### B. *Misconduct or Criminal Activity*

Plaintiff seeks to exclude any reference that she has been accused of, or found guilty of, any misconduct or criminal activity. *See* Mot. in Lim. at 2. Plaintiff's motion is **GRANTED**. The parties shall first obtain approval before introducing evidence of misconduct or criminal activity.

### C. *Employing an Attorney*

Plaintiff seeks to exclude the time and circumstances under which she employed an attorney. *See* Mot. in Lim. at 2. The Court concludes that such evidence would offer no probative value and is therefore inadmissible. Accordingly, Plaintiff's motion in limine is **GRANTED**.

### D. *Marriage, Divorce, or Marital Prospects of Plaintiff*

Plaintiff seeks to exclude any reference to marriage, divorce, marital prospects of Plaintiff, and other similar matters. *See* Mot. in Lim. at 2. Plaintiff's motion is **GRANTED**. The parties shall first obtain approval before introducing evidence of marriage, divorce, or marital prospects.

### E. *Testimony of Witnesses Not Actually Called*

Plaintiff seeks an order instructing Defendant's counsel not to suggest to the jury what would have been the testimony of any witness not actually called. *See* Mot. in Lim. at 2. Plaintiff's motion in limine is **GRANTED**.

### F. *Marital or Child Custody Difficulties*

Plaintiff seeks to exclude any reference to marital difficulties, controversies relating to child custody, or marital claims, suits, or actions. *See* Mot. in Lim. at 2. The motion is **GRANTED** at this time. If a party wishes to introduce evidence of marital or child custody difficulties, he/she must first approach the bench.

### G. *Photographs and Videotapes*

Plaintiff requests that Defendants be prohibited from introducing or exhibiting to the jury any photographs, including videotapes, "showing the plaintiff or her activities." *See* Mot. in Lim. at 2–3. With regard to photographs, Defendant only seeks to introduce photographs of the scene of Plaintiff's fall and photographs from Plaintiff's Facebook page. *See* Def.'s Pretrial Mem., Dkt. 42, at 2. If Defendant intends to introduce photographs and videotapes showing Plaintiff or her activities or photographs from Facebook, he must first show them to counsel and the Court before placing them in evidence. This motion in limine is **GRANTED**.

### H. *Payment of Judgment*

Plaintiff seeks to exclude any reference that any individual will have to pay any judgment entered in this case. *See* Mot. in Lim. at 3. Plaintiff's motion in limine is **GRANTED**.

### I. *Exclude Testimony of Dr. C. Robinson Dyer, M.D.*

Plaintiff seeks to exclude all testimony by Dr. C. Robinson Dyer, M.D. *See* Mot. in Lim. at 3. Plaintiff cites two reasons for this motion. First, is Dr. Dyer's alleged failure to acquire an

accurate and fact-based understanding of Plaintiff's medical history, diagnosis, and treatment. *See id.* Second, is Dr. Dyer's alleged failure to comply with the Fed. R. Civ. P. insofar as he has failed to supply a list of his prior testimony. *See id.* Plaintiff's motion in limine is **DENIED WITHOUT PREJUDICE**. The Court will address this issue further at the pretrial conference. Plaintiff should come to the pretrial conference prepared to articulate her objections to Dr. Dyer's proposed testimony. Defendant should come to the pretrial conference prepared to address those objections. The Court will address these objections and responses at the pretrial conference.

      J.  *Exclude Motions Presented to the Court*

Plaintiff seeks to prohibit Defendant from suggesting that these motions have been presented to or ruled upon by the Court. *See* Mot. in Lim. at 4. Plaintiff's motion in limine is **GRANTED**.

### III. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Mot. in Lim., Dkt. 41, is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**

                                        **Thomas B. Russell, Senior Judge**
                                        **United States District Court**

March 9, 2022